1

2

3

4

5

6                    UNITED STATES DISTRICT COURT

              WESTERN DISTRICT OF WASHINGTON

7                        AT SEATTLE

8 LOUIS ANTHONY LAGOIS,

9                   Plaintiff,           Case No. C14-475-MJP-BAT

10         v.                     **REPORT AND**

                                     **RECOMMENDATION**

11 CAROLYN W. COLVIN, Commissioner of

Social Security,

12

                  Defendant.

13

14       Louis Anthony Lagois appeals the denial of his Disability Insurance Benefits ("DIB")

15 application, seeking remand for an award of benefits.  The Commissioner concedes the ALJ

16 erred but contends the case should be remanded for further administrative proceedings.  For the

17 reasons discussed below, the Court recommends the case be **REVERSED** and **REMANDED** for

18 further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

19                             **BACKGROUND**

20       Mr. Lagois, who was born in 1941, was a long-time employee of Seattle City Light.  Tr.

21 145, 257.  He was diagnosed with severe obstructive sleep apnea in 1999.  Tr. 395.  On March 17

22 2004, Mr. Lagois went on leave under the Family Medical Leave Act ("FMLA") to address his

23 sleep disorder.  Tr. 240-42.  Following two surgeries, Mr. Lagois returned to work in October

REPORT AND RECOMMENDATION - 1

2004, with an accommodation of two 20-minute naps per day, as prescribed by his doctor.  Tr. 254-55, 272.  In December 2004, Mr. Lagois had a third surgery related to his sleep apnea.  Tr. 379, 382-93.  When Mr. Lagois returned to work, he was again allowed two 20-minute naps each day.  Tr. 254-55.  In July 2005, Mr. Lagois retired due to his medical issues.  Tr. 144, 761.

In August 2005, Mr. Lagois applied for DIB, alleging disability beginning March 17, 2004, the date his FMLA leave began.  Tr. 145-49.  That application was denied at the initial level, Tr. 78, and he did not seek reconsideration.

In January 2007, Mr. Lagois filed a second DIB application, again alleging disability beginning March 17, 2004.  Tr. 168-72.  That application was denied initially and on reconsideration.  Tr. 52-53.  Following a hearing in February 2010, ALJ Richard A. Gilbert issued a decision denying benefits.  Tr. 9-42, 57-63.

Mr. Lagois appealed to the district court.  Among other things, Mr. Lagois argued that ALJ Gilbert had constructively reopened the August 2005 application.  Tr. 1160.  The Commissioner conceded this issue, and the Court found the matter moot.  *Id.*  Ultimately, the Court remanded for further proceedings because the ALJ erred at step four.  Tr. 1153-66.

On remand, ALJ Glenn G. Meyers ("the ALJ") held a hearing and rendered a decision in November 2013, finding Mr. Lagois not disabled.  Tr. 1047-67, 1116-45.  The ALJ found that Mr. Lagois had not shown good cause to reopen the August 2005 application, and therefore he determined that the period at issue began on February 4, 2006, the day after the prior claim was denied.  Tr. 1050.  The ALJ then proceeded with the five-step disability evaluation process.  At step one, the ALJ found that Mr. Lagois did not engage in substantial gainful activity from February 4, 2006, through his date last insured of June 30, 2007.  Tr. 1052.  At steps two and three, the ALJ found that urinary incontinence, sleep disorder, arthritis of the right knee, and

1    degenerative disc disease of the lumbar spine were severe impairments that did not meet or equal

2    the requirements of a listed impairment.  Tr. 1052-53; *see* 20 C.F.R. § 404.1520; 20 C.F.R. Pt.

3    404, Subpt. P, App. 1.  The ALJ also found that Mr. Lagois has the residual functional capacity

4    ("RFC") to perform the full range of sedentary work as defined in 20 C.F.R. § 404.1567(a).  Tr.

5    1053.  Based on this RFC, the ALJ found at step four that Mr. Lagois was unable to perform his

6    past relevant work as an engineering technician.  Tr. 1058.  At step five, however, the ALJ found

7    that considering Mr. Lagois's age, education, work experience, and RFC, he had acquired work

8    skills that were transferable to work as a drafter, electrical drafter, or electronics drafter.  Tr.

9    1058.  Therefore, the ALJ found Mr. Lagois not disabled.  Tr. 1059.  This appeal followed.

## DISCUSSION

11          The parties agree it was legal error for the ALJ to conclude that there was no good cause

12   to reopen the August 2005 claim because this issue had already been resolved on appeal to the

13   district court.  *See* Dkt. 16 at 4.  As a result of this error, the ALJ did not properly consider all of

14   the evidence from the alleged onset of March 17, 2004, through the date last insured of June 30,

15   2007.  *See id.*  Given the parties' agreement that there was legal error, the only issue before the

16   Court is whether the case should be remanded for further proceedings or for an award of

17   benefits.

18          The Court has discretion to remand for further proceedings or to award benefits.  *See*

19   *Marcia v. Sullivan*, 900 F.2d 172, 176 (9th Cir. 1990).  In most cases, courts remand for further

20   proceedings.  *See Hill v. Astrue*, 698 F.3d 1153, 1162 (9th Cir. 2012).  To remand for an award

21   of benefits, three elements must be satisfied:

22          (1) the record has been fully developed and further administrative proceedings
            would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient
23          reasons for rejecting evidence, whether claimant testimony or medical opinion;
            and (3) if the improperly discredited evidence were credited as true, the ALJ

REPORT AND RECOMMENDATION - 3

would be required to find the claimant disabled on remand.

*Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014).  The third requirement "incorporates

what we have sometimes described as a distinct requirement of the credit-as-true rule, namely

that there are no outstanding issues that must be resolved before a determination of disability can

be made." *Id.* at 1020 n.26.  If all three requirements are satisfied, the Court must remand for an

award of benefits unless "the record as a whole creates serious doubt that the claimant is, in fact,

disabled . . . ." *Id.* at 1021.

Mr. Lagois argues that remand for an award of benefits is appropriate because the

improperly rejected opinions of his treating physician Oneil Bains, M.D., include limitations

from sleep apnea that preclude him from full-time work.  Dkt. 10 at 23-24.  The medical record

establishes that Mr. Lagois was on FMLA leave from March 2004 until October 2004, during

which time he had two surgeries to address his sleep apnea.  *See* Tr. 195, 203, 215, 220-22, 382-

86, 388-89.  Dr. Bains supported Mr. Lagois's medical leave.  *See id.*  Upon Mr. Lagois's return

to work, Dr. Bains opined that he needed to take two 20-minute naps during the workday, one

from 10:00 – 10:20 a.m., and one from 2:00 – 2:20 p.m.  Tr. 272; *see also* Tr. 537.  In December

2004, Mr. Lagois underwent a third surgery related to his sleep apnea.  Tr. 379, 392-93.  When

Mr. Lagois returned to work, he continued to be accommodated with two 20-minute naps each

day based on Dr. Bains's earlier opinion.  *See* Tr. 254-55.

In January 2007, Dr. Bains wrote a letter stating that Mr. Lagois "initially had severe

sleep apnea that was fairly well treated with surgery."  Tr. 599.  Dr. Bains reported Mr. Lagois

continued to have symptoms of excessive daytime sleepiness and insomnia.  *Id.*  Dr. Bains

opined Mr. Lagois "would benefit from a flexible work schedule to accommodate his medical

condition.  This would allow him to nap at work when excessively sleepy during the workday."

1   *Id.*

2      The Commissioner concedes that the ALJ erred in his consideration of Dr. Bains's 2004

3   opinions.[1]  Dkt. 16 at 5.  Because the vocational expert ("VE") testified that a person who

4   requires two 20-minute naps each day would be unemployable, *see* Tr. 1131, Mr. Lagois argues

5   that Dr. Bains's opinions establish disability.  But even if the Court were to credit Dr. Bains's

6   2004 opinions as true, outstanding issues would remain.  Specifically, the record does not

7   establish how long Mr. Lagois required the two nap per day accommodation.  Dr. Bains rendered

8   his opinion prior to the third and final surgery, which improved Mr. Lagois's condition.  *See* Tr.

9   599 (Dr. Bains's January 2007 opinion that the surgeries treated Mr. Lagois's condition "fairly

10  well"), 839 (Dr. Chang's November 2007 opinion that Mr. Lagois's sleep apnea was "moderate,"

11  which is an improvement from the "severe" sleep apnea Mr. Lagois suffered prior to his

12  surgeries).  And in January 2007, Dr. Bains assessed a lesser degree of limitation than in 2004,

13  stating that Mr. Lagois would benefit from the ability to "nap at work when excessively sleepy."

14  Tr. 599.  Thus, the record is undeveloped regarding when Mr. Lagois went from requiring two

15  naps per day to requiring naps only when excessively sleepy.

16     Furthermore, remand for an award of benefits is not appropriate based on Dr. Bains's

17  January 2007 opinion.  First, Dr. Bains's opinion does not indicate the frequency or length of

18  naps Mr. Lagois would need.  Because the VE only testified regarding Mr. Lagois's

19  employability if he took two 20-minute naps each work day, the record is undeveloped regarding

20  Mr. Lagois's ability to work if he needed to nap only when excessively sleepy.  Second, Mr.

21  Lagois does not challenge all of the reasons the ALJ gave for rejecting Dr. Bains's January 2007

22

23  ---

[1] The parties do not directly address Dr. Bains's January 2007 opinion, although arguments Mr. Lagois raises with respect to Dr. Bains's 2004 opinions apply to some of the reasons the ALJ gave to reject Dr. Bains's January 2007 opinion.

REPORT AND RECOMMENDATION - 5

opinion, *see* Dkt. 10 at 12-15, and thus does not establish that the ALJ erred in his consideration

of this opinion.  For example, Mr. Lagois does not argue that the ALJ erred in finding that Dr.

Bains's opinion was based on Mr. Lagois's discredited self-reports regarding his daytime

sleepiness and insomnia.  Tr. 1057.  "An ALJ may reject a treating physician's opinion if it is

based 'to a large extent' on a claimant's self-reports that have been properly discounted as

incredible." *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (quoting *Morgan v.*

*Comm'r Soc. Sec. Admin.*, 169 F.3d 595, 602 (9th Cir. 1999)).  The fact that the ALJ provided at

least one legally sufficient reason to reject Dr. Bains's January 2007 opinion is an additional

reason why remand for benefits is not appropriate based on that opinion.  *See Garrison*, 759 F.3d

at 1020 (evidence supporting an award of benefits must have been improperly discredited by the

ALJ).

Mr. Lagois also argues that the opinion from his treating physician David Chang, M.D.,

supports an award of benefits.  This argument fails.  In November 2007, Dr. Chang wrote a letter

stating that Mr. Lagois "has moderate obstructive sleep apnea that was confirmed by an

overnight polysomngraphy study on October 24, 2007." Tr. 839.  Dr. Chang did not assess any

specific functional limitations stemming from Mr. Lagois's sleep apnea.  *See id.*  Therefore, even

if the Court were to credit his opinion as true, it does not establish functional limitations that the

ALJ failed to consider.  It does not establish disability.

Mr. Lagois raises two final arguments in support of his request for an award of benefits,

neither of which are persuasive.  He maintains that the Court should consider his advanced age

and the fact that his case has been pending on appeal for many years; however,, these factors do

no establish the three elements required for an award of benefits.  *See Garrison*, 759 F.3d at

1020.  Mr. Lagois also argues that the Commissioner did not carry her step five burden of

establishing he has skills that are transferrable to other jobs with little, if any, vocational

adjustment.  But even if the ALJ erred at step five as Mr. Lagois argues, the record would need

further development.  As such, an award of benefits would be inappropriate.

In sum, because there are outstanding issues that must be resolved before a disability

determination can be made, this matter should be remanded for further administrative

proceedings.

**CONCLUSION**

For the foregoing reasons, the Court recommends that the Commissioner's decision be

**REVERSED** and the case be **REMANDED** for further administrative proceedings pursuant to

sentence four of 42 U.S.C. § 405(g).

On remand, the ALJ should further develop the record as necessary; consider the

evidence throughout the entire relevant time period from March 17, 2004, through Mr. Lagois's

date last insured, June 30, 2007; consider treating, examining, and non-examining medical

source opinions throughout the relevant timer period and fashion a complete RFC finding;

provide specific reasoning for the weight given to the opinion evidence, discussing the

evidentiary basis for conclusions along with an adequate rationale for either accepting or

rejecting probative medical opinions, and giving consideration to obtaining medical expert

testimony; include all unrejected limitations in the RFC; reassess steps four and five with the

assistance of a VE, ensuring that the VE is provided a hypothetical that is consistent with the

RFC ultimately found.[2]  A proposed order accompanies this Report and Recommendation.

Objections, if any, to this Report and Recommendation must be filed and served no later

than **November 6, 2014.**  If no objections are filed, the matter will be ready for the Court's

---

[2] The Court generally adopts the Commissioner's suggested scope of remand.  *See* Dkt. 16 at 3.

REPORT AND RECOMMENDATION - 7

consideration on **November 7, 2014**.  If objections are filed, any response is due within 14 days after being served with the objections.  A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served.  Objections and responses shall not exceed twelve pages.  The failure to timely object may affect the right to appeal.

DATED this 23rd day of October, 2014.

_____

BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 8